IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRISTINA VAN VOORN,  )<br>)<br>    Plaintiff,  )<br>)<br>v.  )<br>)<br>ASHLEY BURLESON BUNDY; RICKY  )<br>BUNDY; and CTR BUSINESS  )<br>SOLUTIONS, LLC;  )<br>)<br>    Defendants.  ) | Civil Action File<br><br>No. _____ |

**COMPLAINT FOR DAMAGES**
**(JURY TRIAL REQUESTED)**

COMES NOW Cristina Van Voorn, individually for her Complaint for Damages against the Defendants states and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331 because these claims are brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. Venue is proper in the Northern District of Georgia, Atlanta Division, under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions

1

giving rise to the claims occurred in this District.

## PARTIES

3.      Defendant Ashley Burleson Bundy ("Defendant Ashley Bundy") is an individual who resides at 2980 Habersham Way, Atlanta, Fulton County, Georgia 30305.  Defendant Ashley Bundy may be served by service of the Summons and a photocopy of this Complaint at said address as provided by law.

4.      Defendant Ricky Bundy ("Defendant Ricky Bundy") is an individual who resides at 2980 Habersham Way, Atlanta, Fulton County, Georgia 30305. Defendant Ricky Bundy may be served by service of the Summons and a photocopy of this Complaint at said address as provided by law.

5.      CTR Business Solutions, LLC ("CTR") is a limited liability company created and existing pursuant to the laws of the State of Tennessee.  Upon information and belief, Defendant Ashley Bundy and/or Defendant Ricky Bundy are members and managers of CTR.  Furthermore, upon information and belief, CTR is operating as a business within the State of Georgia without being qualified to do business in this state.  CTR may be served with a Summons and a photocopy of the Complaint upon its members/managers Defendant Ashley Bundy and/or Defendant Ricky Bundy.

6.      Defendants are employers as defined by 29 U.S.C. § 203(d).

7. Plaintiff is a former employee of Defendants, working in Defendants' home as a full time nanny for Defendant Ashley Bundy's and Defendant Ricky Bundy's minor children. Defendants employed Plaintiff at their home located at 2668 Ellwood Drive, Atlanta, Fulton County, Georgia from approximately February 2014 to approximately April 2015.

8. Plaintiff is an employee as defined by 29 U.S.C. § 203(e).

## FACTUAL ALLEGATIONS

9. Plaintiff was employed as a full-time nanny to the three children of the individual Defendants (hereinafter the "Children") and as such she attended to the needs of the Children not only at home but in and around the Atlanta area. Defendants agreed to reimburse the Plaintiff for expenses, including mileage, with respect to the care of the Children.

10. Plaintiff's job did not involve exercising discretion over matters of significance. For example, the Plaintiff's primary job duties included feeding, bathing, and comforting the Children. Plaintiff also spent time delivering the Children to and from activities and responding to the individual Defendants' inquiries and instructions regarding the Children. Defendants agreed to reimburse the Plaintiff for expenses, including mileage, with respect to the care of the Children.

11. As part of her duties, the Plaintiff regularly worked in excess of forty (40) hours per week.

12. During the period from approximately February 2014 to April 2015, the Defendants paid the Plaintiff $783.21 per week, failing to withhold the proper amounts for taxes, for social security, or for Medicare.

13. The Defendants failed to remit to the State and Federal taxing authorities all of the funds withheld from the Plaintiff's wages as taxes.

14. The Defendants failed to pay all of the amount due as the "employer's share" of social security taxes and Medicare taxes which were due with respect to the Plaintiff's wages.

15. The Plaintiff was economically dependent upon the Defendants.

16. At all times, each Defendant had the power to hire and fire the Plaintiff.

17. Each Defendant supervised and controlled, or at least had the power and authority to supervise and control, Plaintiff's work schedules, conditions of employment, and the rate and method of payment to the Plaintiff.

18. The Defendants did not pay the Plaintiff compensation for the hours she worked in excess of forty (40) hours per week.

19. Specifically, based upon the Plaintiff's good faith estimate, the

Plaintiff worked in excess of 345 hours of overtime during the period from February 2014 to April 2015.

20. The Plaintiff's regular hourly rate of pay during the Period was $19.58.

21. In her good faith belief, the Plaintiff is entitled to at least $10,132.65 overtime pay based upon the calculation of: regular rate ($19.58) x 1.5 x 345 hours.

22. In March 2015, Defendants terminated the Plaintiff's employment.

23. In March 2015, after Defendants terminated the Plaintiff's employment, the Defendants offered to pay the Plaintiff a month's pay ($3,132.84 in addition to her regular wages, if the Plaintiff worked through April 2015).

24. The Plaintiff accepted the Defendants' offer and worked through April 2015.

25. Despite fulfilling her part of the contract to continue working as the Defendants' nanny through April 2015, the Defendants failed and refused to pay the Plaintiff the additional month's pay as promised.

26. At the time the Plaintiff began working for the Defendants, the Defendants knew that the Plaintiff was not exempt from overtime pay under the FLSA.

27. For the entire time the Plaintiff was employed by the Defendants, the Plaintiff was entitled to overtime pay under the FLSA.

28. While the Plaintiff was working for the Defendants, the Defendants chose not to pay the Plaintiff overtime pay under the FLSA to which the Plaintiff was entitled.

29. While the Plaintiff was working for the Defendants, the Defendants chose not to maintain records of the number of hours the Plaintiff was working.

30. At the time the Plaintiff began working for the Defendants, the Defendants should have known that the Plaintiff was not exempt from overtime pay under the FLSA.

31. Upon information and belief, the Defendants have not sought nor received an opinion of counsel that the Plaintiff was exempt from overtime pay under the FLSA.

32. Upon information and belief, the Defendants were unaware of any Department of Labor opinion, letter, publication, or other guidance indicating that employees doing the work done by the Plaintiff was exempt from overtime pay under the FLSA.

33. The Defendants failed to act in good faith with respect to their failure to pay the Plaintiff overtime pay.

## COUNT I
### (FLSA Claims)

34. Plaintiff incorporates the allegations contained in paragraphs 1 through 33 by reference.

35. During the statutory period, Plaintiff was employed by Defendants as a fulltime nanny.

36. The Plaintiff is not exempt from the overtime compensation provisions of the FLSA.

37. The Defendants failed to record, report, and/or preserve records of the hours worked by Plaintiff.

38. The FLSA requires employers to pay employees for all hours worked. The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

39. Defendants' actions, policies, and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff for time spent on work activities as described in this Complaint.

40. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages for which the Defendants are liable pursuant to 29 U.S.C. §§ 201 *et seq.*

41. By failing to record, report, and/or preserve records of hours worked by the Plaintiff, Defendants violated the FLSA, 29 U.S.C. §201 *et seq*.

42. Defendants knew or showed reckless disregard for the fact that they failed to pay the Plaintiff for overtime hours worked. This, as well as the conduct as aforesaid, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255(a).

43. The Plaintiff seeks damages in the amount of her respective unpaid overtime compensation at least $10,132.65, liquidated damages as provided by the FLSA, 29 U.S.C. §216(b) in the amount of at least $10.132.65, interest, and such other legal and equitable relief as the Court deems just and proper.

44. Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 20 U.S.C. §216(b).

## COUNT II
### (Non-FLSA Claims)

45. Plaintiff incorporates the allegations contained in paragraphs 1 through 33 by reference.

46. Defendants were required to withhold from the Plaintiff's pay specific amounts for State and Federal income taxes and to pay those amounts to the State and Federal taxing authorities but failed to do so with respect to all wages paid to the Plaintiff.

8

47. Defendants were required to withhold from the Plaintiff's pay specific amounts for Social Security and Medicare taxes and to pay those amounts to the Federal taxing authorities but failed to do so with respect to all wages paid to the Plaintiff.

48. Defendants were required to pay their "employer's portion" of the Plaintiff's wages with respect to Social Security and Medicare taxes for all wages paid to the Plaintiff but failed to do so.

49. Defendants and Plaintiff entered into a contract wherein the Plaintiff agreed to work for a month after her termination (through April 2015) in exchange for a month's pay ($3,132.84 - four weeks at $781.21 per week) in addition to her regular wages.

50. Plaintiff complied with her obligations with respect to the aforementioned contract; Defendants breached that contract by failing to pay the Plaintiff the $3,132.84 in addition to her wages.

51. As part of her agreement with the Defendants, the Defendants agreed to reimburse the Plaintiff for her expenses incurred in providing services to the Children, including without limitation, mileage for local travel with the Children. The Defendants failed to pay the Plaintiff the full amount of those expenses.

52. The Plaintiff is entitled to a judgment against the Defendants for

breach of contract in the amount of at least $3,132.84; damages for Defendants' failure to withhold and pay State and Federal income taxes, Social Security and Medicare taxes with respect to the Plaintiff; damages for Defendants' failure to pay the employer's portion of Social Security and Medicare taxes with respect to the Plaintiff; and reimbursement of expenses in amounts to be shown at trial.

53.  Defendants have been stubbornly litigious, have acted in bad faith, and have caused the Plaintiff unnecessary trouble and expense so as to permit Plaintiff to recover her expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. §13-6-11 from Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

1.  With respect to Count I, FLSA Claims;

    a.  Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate, not less than $10,132.65;

    b.  An amount equal to the unpaid back wages not less than $10,132.65 as liquidated damages;

    c.  An award of prejudgment interest (to the extent liquidated

damages are not awarded); and

    d.    Costs and attorneys' fees to the extent allowed by law.

2.    With respect to Count II, Non-FLSA Claims, general and special damages in an amount to be proven at trial; and attorneys' fees pursuant to O.C.G.A. §13-6-11; and

3.    Such further relief as this Court deems just and equitable.

Respectfully submitted, this 15th day of September, 2015.

                                  AUSTIN & SPARKS, P.C.

                                  s/ John T. Sparks, Sr., Esq.
                                  Georgia State Bar No. 669575

2974 Lookout Place, N.E., Suite 200
Atlanta, Georgia 30305            Attorneys for Plaintiff
404-869-0100 / 404-869-200 (fax)
jsparks@austinsparks.com

This is to certify that this Complaint for Damages is in Times New Roman, 14 point type.