IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CRISTINA VAN VOORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File |
| | ) | |
| ASHLEY BURLESON BUNDY; RICKY | ) | No. 1:15-cv-3228-WSD |
| BUNDY; and CTR BUSINESS | ) | |
| SOLUTIONS, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW the parties in the above-styled action and file this Joint Motion for Approval of the Settlement Set Forth In Settlement Agreement Full and Final Release of Claims and Memorandum in Support Thereof pursuant to 29 U.S.C. §201 *et seq.* (the "FLSA")

This FLSA settlement is a product of an arm's-length negotiation between the parties. The parties respectfully submit that the terms of settlement are fair, reasonable, and adequate, and that they resolve a bona fide dispute between the parties with respect to liability and damages. For these reasons, the Court should grant this joint motion.

The parties incorporate by reference the Settlement Agreement, setting forth the terms of the settlement, which was filed with the Judge.

## I.   ANALYSIS

In the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).   With regard to court approval of an FLSA settlement, the Eleventh Circuit has stated as follows:

Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a

2

reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

### A.   A BONA FIDE DISPUTE BETWEEN THE PARTIES EXISTED OVER FLSA COVERAGE.

In her Complaint, Plaintiff alleged that Defendants violated the FLSA because they failed to pay the Plaintiff overtime compensation for all hours worked over forty in a workweek. The Plaintiff also asserted other claims. Defendants, on the other hand, contend that Plaintiff was paid all amounts due. Defendants continues to deny any liability associated with Plaintiff's claims. If Plaintiff ultimately prevailed, Defendants would be faced with the prospect of a significant monetary verdict in favor of the named Plaintiff, as well as the obligation to pay litigation fees and costs. If Defendants ultimately prevailed, Plaintiff would be faced with dismissal of her claims and no recovery of any kind. While firmly adhering to their respective positions, counsel for the parties agree that either outcome was possible in this action, particularly given that some issues likely would have required resolution by a jury. Accordingly, the Court should conclude that a bona fide dispute between the parties exists.

3

**B.   THE PROPOSED SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF THE PARTIES' CLAIMS AND DEFENSES.**

The settlement of the instant action is appropriate for Court approval because it is fair, reasonable, and adequate. The proposed settlement arises out of an action brought by Plaintiff against her employer, which was adversarial in nature. During the litigation and settlement of this action, both Plaintiff and Defendants were represented by experienced counsel. The settlement ultimately reached was the product of arm's-length negotiations between the parties, facilitated by counsel. It provides relief to Plaintiff and eliminates the inherent risks both sides would bear if this complex litigation were to continue. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness); *see also In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and awards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.").

4

Consideration of several additional relevant factors confirms that the proposed settlement is fair and reasonable. The complexity, expense, and likely duration of the litigation weighs heavily in favor of finding that the settlement is fair and reasonable. Should this matter have continued, the parties would have had to commence and complete formal discovery, necessitating numerous depositions as well as written discovery and the attendant motion practice; and the parties would have brought dispositive motions. Following the resolution of those issues, the parties potentially faced the prospect of an expensive, lengthy jury trial, with risks to both parties, as well as likely appeals and post-trial motions.

Instead, the parties directed their efforts toward an informed, efficient resolution of Plaintiff's claims.

## C.   PLAINTIFFS' COUNSELS' FEES AND COSTS ARE REASONABLE.

Consistent with Plaintiff's legal services agreement, the Plaintiff requests that the Court approve its request for approval of attorneys' fees and costs, as shown.

The parties' settlement provides for Plaintiff's counsel to receive an award of attorneys' fees and costs in the amount of $10,000.00. (Declaration of John T. Sparks, Sr. ("Sparks Dec.") (Dec. Ex. 1) (attached hereto as Exhibit A). The engagement agreement informed the Plaintiff that Plaintiff's counsel would receive

5

an award of 40% of the gross amount of any recovery through compromise, settlement, or trial. (Sparks Dec., Ex. 2). Pursuant to the FLSA, the parties' agreement and the terms of the engagement agreement, Plaintiff's counsel request an award of $10,000.00 of the settlement fund.

Under the FLSA, the court "shall in addition to any judgment awarded to the plaintiff or plaintiffs, allow reasonable attorneys' fees to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). What constitutes a reasonable fee is within the sound discretion of the district court. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A critical factor in determining the reasonableness of the amount to award as attorneys' fees is the success of the litigation. *Id.* at 436.

The present action was not a collective action; however, the reasoning by the courts in collective FLSA actions may be helpful here. When a common fund is created by a settlement, courts have typically applied two methods in determining reasonable attorneys' fees awards: a percentage of the settlement fund or the lodestar method (*i.e.,* multiplying the hours reasonably expended by a reasonable hourly rate and adjusting by a multiplier). *See Peterson v. Mortgage Sources Corp.*, 2011 WL 3793963, at *9 (D. Kan. Aug. 25, 2011) (approving the percentage method in an FLSA collective action).

When considering a reasonable percentage of the common fund to award as attorneys' fees, the lodestar method can serve as a cross-check. *Sanderson v. Unilever Supply Chain, Inc.*, 2011 WL 6369395, at *2 (W.D. Mo. Dec. 19, 2011) (applying the percentage of the fund method and cross-checking the lodestar to determine reasonableness of attorneys' fees); *Loudermilk Services, Inc. v. Marathon Petroleum Co.*, LLC, 623 F. Supp. 2d 713, 717 (S.D.W. Va. 2009).

District courts use several factors to guide inquiries into the reasonableness of requested fees: "(1) the benefit conferred on the class, (2) the risk to which plaintiffs' counsel was exposed, (3) the difficulty and novelty of the legal and factual issues of the case, (4) the skill of the lawyers, both plaintiffs' and defendants', (5) the time and labor involved, (6) the reaction of the class, and (7) the comparison between the requested attorney fee percentage and percentages awarded in similar cases." *See Yarrington v. Solvay Pharmaceuticals, Inc.*, 697 F. Supp. 2d 1057, 1062 (D. Minn. 2010); *see also Strube v. American Equity Inv. Life Ins. Co.*, 2006 WL 1232816, at *2 (M.D. Fla. May 5, 2006).

## 1. Plaintiff's Counsel have Conferred a Substantial Benefit on the Plaintiff.

Plaintiff's counsel's work on this case has resulted in settlement payments, if settlement is approved, for an individual who would likely have received nothing or significantly less, in the absence of counsel's efforts.  Securing the payment

7

weighs in favor of the requested award.

2. **Plaintiff's Counsel Undertook Considerable Risk in Litigating this Case.**

Plaintiff's counsel took this case on a contingency basis and has a legal engagement agreement with the Plaintiff. (Sparks Dec. ¶4). That legal engagement agreement provides for payment of attorneys' fees to counsel in the amount of 40% of any settlement. *Id.* Because of this contingency fee arrangement, Plaintiff's counsel has not received any payment for their time spent litigating the case, nor have they received reimbursement for their out of pocket costs during the litigation. *Id.* Instead, Plaintiff's counsel alone undertook the financial risk of recovering nothing for their time and resources spent litigating the case.

Plaintiff's counsel obtained substantial monetary relief for Plaintiff and this contingency fee agreement should be honored. *See Scott v. Memory Co., LLC, 2010 WL 4683621* (M.D. Ala. Nov. 10, 2010) (settlement approved with attorneys' fees paid according to plaintiff's contingency agreement with his attorney); *In re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litigation*, 364 F.Supp.2d 980, 994 (D. Minn. 2005) ("Courts have recognized that the risk of receiving little or no recovery is a major factor in awarding attorney fees.").

8

Moreover, the Settlement Agreement and Full and Final Release of Claims advises the Plaintiff as to the amount of Plaintiff's counsel's attorneys' fees. (Sparks Dec. Ex. 1). The Plaintiff agrees and has not objected to the terms of the settlement providing for Plaintiff's counsel to receive 40% of the settlement fund. (Sparks Dec. ¶4). This too should weigh in favor of the reasonableness of the requested attorneys' fees.

### 3. The Legal and Factual Issues are Difficult and Complex.

This matter involved a woman working as a nanny for the Defendants but also included claims for breach of contract and claims arising from the Defendants' alleged failure to properly pay taxes withheld from the Plaintiff's pay (which the Defendants deny). The case involved several difficult legal and factual issues under the FLSA such as whether: (1) Plaintiff was exempt or not from the overtime provisions of the FLSA and if not how much overtime is the Plaintiff due; (2) did the Defendants acted in good faith with respect to the Plaintiff's claims for liquidated damages; (4) was the Defendants' conduct was willful; and (5) the Plaintiff would be able to document her numbers of hours of overtime.

### 4. Counsel for Both Parties are Skilled Wage and Hour Litigators.

Courts often recognize the importance of competent representation when determining the reasonableness of a fee award. *Sanderson*, 2011 WL 6369395, *2.

Here, the skill and experience of both parties' counsel supports the requested award. Plaintiff's counsel has significant FLSA experience as well as in civil litigation in general. (Sparks Dec. ¶8). Defense counsel and his firm are likewise experienced in defending similar claims. *Id.* Both counsel used their wage and hour experience in litigating this matter and in the negotiation of the settlement. After the negotiations, counsel for the parties reached a fair resolution. These facts weigh in favor of awarding the requested fees.

### 5. Plaintiff's Counsel Diligently and Effectively Litigated this Case.

Since the filing of this matter on September 15, 2015, Plaintiff's counsel and their support staff have, together, spent 28.00 hours litigating this case and facilitating the settlement process. (Sparks Dec. ¶5). Specifically, Plaintiff's counsel and their support staff have, among other things, (1) initially investigated potential claims in this case including overtime claims, breach of contract claims, claims arising from the Defendants' alleged failure to pay funds withheld from Plaintiff's paychecks; (2) conducted lengthy research regarding issues raised in the Complaint, including the issue of the Plaintiff's claims arising from the Plaintiff's belief that the Defendants' failed to pay properly the taxes withheld from Plaintiff's paychecks; (3) conferred with the Plaintiff; (4) performed detailed damage calculations; (5) conducted research as to the identity of the proper

10

defendants to be named in the lawsuit; (6) legal research from other jurisdictions with respect to similar, successful, claims; (7) drafting a detailed Complaint; (8) ensuring that the Complaint and Summons were properly prepared, filed, and served; (9) conferred with opposing counsel with respect to extensions of time to answer the Complaint; (10) conferring with Defendants' counsel with respect to the various strengths and weaknesses of the case as well as documents relevant to the matter; (11) negotiated with opposing counsel regarding settlement of the matter; (12) worked with defense counsel to reach an agreement as to the terms of a settlement fair to both parties, and (13) drafted and reviewed this and other settlement documents. (Sparks Dec. ¶6).

Plaintiff's counsel's work on this case to date has resulted in hourly fees in excess of $13,000.00; Plaintiff's Counsel seeks only 76% of this amount as his fee. *Id.* The fees sought are reasonable. (Sparks Dec. ¶¶5 and 7).

### 6. The Requested Fees are Comparable to Fees Awarded in Similar Cases.

Plaintiff's counsel's requested fees of $10,000.00 (40%) are reasonable in relation to the total settlement. Forty percent (40%) of the total settlement is a common award for attorneys' fees in FLSA collective action cases such as this. *See, e.g., Thompson v. Trinitas Ventures, LLC*, No. 1:14-CV-2503-SCJ (N.D. Ga. Oct. 31, 2014) (Order approving settlement and forty percent contingency fee as

11

reasonable); *Callis v. Shelette's Home of Adults, Inc.*, 2011 WL 4836224, E. D. Va. Oct. 12, 2011 (forty percent contingency fee agreement a helpful benchmark for determining reasonableness of fee); *Alvarez v. Best of Best Catering, Corp.*, 2008 WL 4415502 (M.D. Fla., Sept. 25, 2008 (forty percent contingency fee in an FLSA case found to be reasonable where plaintiff agreed); *Mansfield v. Castaways Backwater Café, Inc.*, 2008 WL 3889598 (M.D. Fla. Aug. 18, 2008) (forty percent contingency fee in FLSA case reasonable); *Gunn v. Environmental Risk Management, Inc.*, 2008 WL 4710757 (M.D. Fla. 2008) (forty percent contingency fee approved in FLSA case).

## II.    CONCLUSION

Here, Plaintiff's counsel's requested award in this FLSA action falls directly in line with fees awarded in similar cases.  For this reason, the Court should approve Plaintiff's counsel's requested attorneys' fees award in the amount of $10,000.00, which includes $509.84 in expenses and costs.  Thus, the parties jointly and respectfully request that this Court approve the parties' settlement agreement and dismiss the claims of the Plaintiff with prejudice, so that this matter may be closed and removed from the Court's docket.  The parties attach hereto as Exhibit B a proposed Order.

This 29th day of December, 2015.

**Prepared and Presented:**

**AUSTIN & SPARKS, P.C.**

2974 Lookout Place, N.E., Suite 200
Atlanta, Georgia 30305
404-869-0100 / 404-869-0200 (fax)

s/ John T. Sparks, Sr.
Georgia Bar No. 669575
jsparks@austinsparks.com

Counsel for Plaintiff

**Joint (Unopposed to Fee Request):**

**BRYAN CAVE, LLP**

One Atlantic Center
1201 West Peachtree Street, N.W.
Suite 1400
Atlanta, Georgia  30309
404-572-6600 / 404-572-6999 fax)

s/ Mitchell S. Allen
Georgia Bar No. 011325
mitchell.allen@bryancave.com

Counsel for Defendants

13

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Joint Motion for Approval of Settlement and Memorandum in Support Thereof with the Clerk of Court in the United States District Court for the Northern District of Georgia using the CM/ECF system which will automatically send email notification of this filing to the following attorneys of record:

Mitchell S. Allen, Esq.          Mitchell.allen@bryancave.com

Pursuant to NDGA LR 5.1B, the undersigned counsel certifies that this pleading is prepared in Times New Roman 14 point font.

This 29th day of December, 2015.

**AUSTIN & SPARKS, P.C.**
s/ John T. Sparks, Sr.
2974 Lookout Place, N.E., Suite 200          Georgia Bar No. 669575
Atlanta, Georgia 30305
404-869-0100/404-869-0200 (fax)
jsparks@austinsparks.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRISTINA VAN VOORN,<br><br>    Plaintiff,<br><br>v.<br><br>ASHLEY BURLESON BUNDY; RICKY<br>BUNDY; and CTR BUSINESS<br>SOLUTIONS, LLC;<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action File<br><br>No. 1:15-cv-3228-WSD |

## DECLARATION OF JOHN THOMAS SPARKS, SR., ESQ.

1.   My name is John Thomas Sparks, Sr., and I am one of the attorneys representing the Plaintiff in the above-styled matter.  I am over the age of eighteen and suffer from no legal disability.  The information contained in this Declaration is based upon my personal knowledge.  I am a lawyer licensed to practice law in the State of Georgia and am in good standing with the State Bar of Georgia.

2.   I graduated from the University of Mississippi School of Law in 1987 and have been practicing law in Atlanta, Georgia since that time.  My practice has concentrated in commercial and business litigation, as well as FLSA litigation.

1

3.     The parties to this litigation have reached a settlement agreement as set forth in the Settlement Agreement and Full and Final Release of Claims a true and correct photocopy of which is attached hereto as Exhibit 1.

4.     I represent the Plaintiff in this action.   The Plaintiff executed an Engagement Agreement with my firm providing, among other things, a contingency fee of forty percent plus expenses.   A true and correct photocopy of the agreement is attached hereto as Exhibit 2.   Neither before nor after the settlement of this case, has the Plaintiff objected to the forty percent (40%) contingency fee or the amount to be paid to her from the net proceeds of the proposed settlement.

5.     In representing the Plaintiff in this action, lawyers and staff at my firm have spent 28.00 hours on this case (27.60 hours in lawyer time and .40 hours in paralegal time) and have incurred $509.84 in costs for filing fees, service fees, photocopies, and postage.   If I billed this matter by the hour, using my firm's normal hourly rates for this type of matter to the hours spent on this case, $475.00 for lawyers and $150.00 for paralegals, the fees incurred would be $13,137.50.   These costs do not include incidental amounts for some photocopies or postage or subscription costs for Westlaw which Plaintiff's counsel considers overhead.

2

6.     In our representation of the Plaintiff, my staff and I have, among other things, (1) initially investigated potential claims in this case including overtime claims, breach of contract claims, claims arising from the Defendants' alleged failure to pay funds withheld from Plaintiff's paychecks; (2) conducted lengthy research regarding issues raised in the Complaint, including the issue of the Plaintiff's claims arising from the Plaintiff's belief that the Defendants' failed to pay properly the taxes withheld from Plaintiff's paychecks; (3) conferred with the Plaintiff; (4) performed detailed damage calculations; (5) conducted research as to the identity of the proper defendants to be named in the lawsuit; (6) legal research from other jurisdictions with respect to similar, successful, claims; (7) drafting a detailed Complaint; (8) ensuring that the Complaint and Summons were properly prepared, filed, and served; (9) conferred with opposing counsel with respect to extensions of time to answer the Complaint; (10) conferring with Defendants' counsel with respect to the various strengths and weaknesses of the case as well as documents relevant to the matter; (11) negotiated with opposing counsel regarding settlement of the matter; (12) worked with defense counsel to reach an agreement as to the terms of a settlement fair to both parties, and (13)

3

drafted and reviewed this and other settlement documents.

7.   My firm's work on this case to date has resulted in hourly fees in excess of $13,000.00. Plaintiff's counsel has agreed to reduce his fee by the amount of the expenses incurred, $509.84, in order for the Plaintiff to receive a net settlement payment of $15,000.00. Applying my normal hourly rates to this matter, the amount requested by the Plaintiff's counsel is approximately 76% of the value of the time spent on this matter.

8.   My firm and I have significant experience in FLSA including both misclassification cases as well as cases of non-exempt employees who did not receive overtime which was due to them. For example, I have been working on FLSA606002 cases since 2004 and have been lead counsel or local counsel in FLSA cases filed in Georgia and New York (appearing *pro hac vice*). It is my understanding from defense counsel and from my own knowledge of Defendant's counsel and his firm, that defense counsel has extensive experience in FLSA cases.

I declare under penalties of perjury this 23nd day of December, 2015 that the information set forth herein is true and correct. This declaration is made

4

pursuant to 28 U.S.C. §1746.

By:   /s John T. Sparks, Sr., Esq.

EXHIBIT 1

## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims ("Agreement") is made and entered into between Cristina Van Voorn ("Ms. Van Voorn") and Ashley Burleson Bundy, Ricky Bundy, and CTR Business Solutions, LLC (the "Defendants"), collectively (the "Parties").

### 1.    SETTLEMENT.

Ms. Van Voorn and Defendants wish to settle fully and finally all differences and disputes between them, including but not limited to Ms. Van Voorn's lawsuit filed in the United States District Court for the Northern District of Georgia, Civil Action No, 1:15-cv-3228-WSD ("the Litigation"), and any other differences between the Defendants and Ms. Van Voorn.

### 2.    CONSIDERATION.

In exchange for Ms. Van Voorn's execution of this Agreement, dismissal of the Litigation, and release of claims, the Defendants will pay a total amount of $25,000.00 payable as follows:

- a.  The Defendants will issue a check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00), representing full and complete settlement of any claims for severance and wages, including claimed overtime, minus all applicable withholdings, made payable to Cristina Van Voorn and reported to the IRS on a Form W-2.

- b.  The Defendants will also issue a check payable to Ms. Van Voorn the gross amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) in full satisfaction of Ms. Van Voorn's other claims, including, but not limited to, any claims for liquidated damages, emotional distress, pain and suffering, and mental anguish.

- c.  The Defendants will issue a check in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), payable to Austin & Sparks, P.C., representing Ms. Van Voorn's obligation to counsel for attorneys' fees and reimbursement of costs. Said payment will be reported to the IRS on a Form 1099 which will be issued to both Ms. Van Voorn and to her counsel. Defendants are not responsible for the payment of additional fees to Ms. Van Voorn.

- d.  The payment pursuant to paragraphs 2(a) above will be delivered consistent with the revocation period outlined in paragraph 5 of the Agreement, and specifically within seven (7) days of the Court's approval of the settlement of the Litigation.

### 3.    FULL AND FINAL RELEASE.

As a material inducement to Defendants to enter into the Agreement, Ms. Van Voorn hereby irrevocably and unconditionally releases, acquits, and forever discharges

Defendants and each of their owners, predecessors, successors, assigns, agents, directors, officers, employees, former employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates (and agents, directors, officers, employees, representatives, and attorneys of such parent companies, divisions, subsidiaries and affiliates), and all persons acting by, through, under or in concert with any of them (collectively "Releasees"), from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses of any nature whatsoever, known or unknown, suspected or unsuspected, including, but not limited to, rights arising out of alleged violations or breaches of any contracts, express or implied, or any tort, claims arising from any legal restrictions on Defendants' right to terminate employees or any federal, state or other governmental statute, regulation, or ordinance, including, without limitation: (1) the Fair Labor Standards Act; (2) Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 (race, color, religion, sex, and national origin discrimination); (3) the Americans with Disabilities Act (disability discrimination); (4) 42 U.S.C. §1981 (discrimination); (5) the Age Discrimination in Employment Act; (6) the Older Workers Benefit Protection Act; (7) the Equal Pay Act; (8) the Employee Retirement Income Security Act ("ERISA"); (9) Section 503 of the Rehabilitation Act of 1973; (10) the False Claims Act (including the qui tam provision thereof); (11) the Occupational Safety and Health Act; (12) the Consolidated Omnibus Budget Reconciliation Act of 1986; (13) intentional or negligent infliction of emotional distress or "outrage"; (14) defamation; (15) interference with employment; (16) interference with contract; (17) negligent retention; (18) negligent supervision; (19) wrongful discharge; (20) invasion of privacy; (21) breach of contract; and (22) any claim arising from unpaid taxes, which Ms. Van Voorn now has or claims to have against each or any of the Releasees at any time up to and including the day she signs this Agreement ("Claim" or "Claims").

## 4.    KNOWING AND VOLUNTARY WAIVER.

Ms. Van Voorn expressly acknowledges that the Agreement is intended to include, without limitation, all Claims that the Employee does not know or suspect to exist at the time she signs this Agreement, and the Agreement contemplates the extinguishment of any such Claim or Claims.

## 5.    AGE DISCRIMINATION IN EMPLOYMENT ACT.

Ms. Van Voorn hereby acknowledges and agrees that this Agreement and the termination of Employee's employment and all actions taken in connection therewith are in compliance with the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act and that the releases set forth in paragraph 3 hereof shall be applicable, without limitation, to any claims brought under these Acts. Ms. Van Voorn further acknowledges that she is hereby advised by the Defendants to consult with outside counsel in regard to this matter. Ms. Van Voorn further acknowledges that she has been given twenty-one (21) days from the time that she receives this Agreement to consider whether to sign it. If Ms. Van Voorn has signed this Agreement before the end of this twenty-one (21) day period, it is because she freely chose to do so after carefully considering its terms. Finally, Ms. Van Voorn shall have seven (7) days from the date she signs this Agreement to revoke the Agreement. To revoke, Ms. Van Voorn must ensure that written notice is delivered to counsel for Defendants, by the end of the

seventh calendar day after Ms. Van Voorn signs this Agreement. If Ms. Van Voorn does not revoke this Agreement within seven (7) days of signing, this Agreement will become final and binding on the day following such seven (7) day period. If Ms. Van Voorn elects not to sign this Agreement within twenty-one (21) days from the time that she receives this Agreement, this Agreement shall expire automatically.

6    NO OTHER CLAIMS.

Ms. Van Voorn represents that she has not filed any complaints, charges, or lawsuits against Defendants or a Releasee with any governmental agency or any court other than the instant Litigation.

7.    NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT.

This Agreement shall not be construed as an admission by Defendants of any liability or acts of wrongdoing or discrimination.

8.    NON-DISPARAGEMENT.

The Parties acknowledge that Ms. Van Voorn's claims against the Defendants have been amicably resolved. The Parties represent and agree that they will not criticize, denigrate or otherwise disparage or cause disparagement of one another. Ms. Van Voorn further represents and agrees that she has not and will not engage in any conduct or take any action whatsoever to cause or influence or which reasonably could be anticipated to cause or influence any past, present, or prospective employee of, or applicant for employment with the Defendants, to initiate litigation, assert any other kind of claim or take any other kind of adverse action against the Defendants, regarding employment issues. Ms. Van Voorn promises in this paragraph are a material term and of the essence to this Agreement. Although there has never been any allegations that Ms. Van Voorn has ever attempted to contact the individual Defendants or their children, as requested by the individual Defendants, Ms. Van Voorn agrees that in the future, she will not attempt to contact the individual Defendants nor their children.

9.    NO RE-EMPLOYMENT.

Ms. Van Voorn agrees that she does not seek employment, reinstatement, or re-employment with Defendants and will never seek employment in the future with Defendants.

10.    GOVERNING LAW.

This Agreement shall be interpreted under the laws of the State of Georgia.

11.    SEVERABILITY.

The provisions of this Agreement are severable, and if any part of this Agreement except paragraph 3 is found by a court of law to be unenforceable, the remainder of the Agreement will continue to be valid and effective. If paragraph 3 is found by a court of competent jurisdiction to be unenforceable, the Parties agree to seek a determination by the court as to the rights of the parties.

12.    SOLE AND ENTIRE AGREEMENT.

This Agreement sets forth the entire Agreement between the Parties.  Any prior agreements between or directly involving the Parties to the Agreement are superseded by the terms of this Agreement.

13.    SIGNATURE.

The Agreement may be signed in counterpart and/or through the use of facsimile signatures without affecting its binding nature or effectiveness.

14.    LEGALLY BINDING AGREEMENT.

Ms. Van Voorn understands and acknowledges that (a) this is a legally binding release; (b) by signing this Agreement, she is barred from instituting Claims against Defendants to the extent set forth in paragraph 3 above; and (c) this Agreement is final and binding.

15.    KNOWLEDGEABLE DECISION BY MS. VAN VOORN.

Ms. Van Voorn acknowledges that she has read all the terms of the Agreement. Ms. Van Voorn understands the terms of the Agreement and understands that the Agreement releases forever the Defendants from any legal action arising from Ms. Van Voorn's relationship with Defendants as an employee.  Ms. Van Voorn is signing and delivering the Agreement of her own free will in exchange for the payment to be given, which Ms. Van Voorn acknowledges and agrees is adequate and satisfactory.

16.    ACKNOWLEDGEMENTS.

a.    Ms. Van Voorn acknowledges, understands and agrees that she has been paid in full for all hours that she has worked for Defendants and that she has been paid any and all compensation or bonuses which have been earned through the date of execution of this Agreement.

b.    Ms. Van Voorn acknowledges that she has no knowledge of any actions or inactions by any of the Releasees or by Defendants that Ms. Van Voorn believes could possibly constitute a basis for a claimed violation of any federal, state, or local law, any common law or any rule promulgated by an administrative body.

c.    Defendants acknowledge that they have full capacity and permission to execute this Agreement after consultation with counsel.



THE PARTIES ATTEST THAT THEY HAVE READ THE AGREEMENT CAREFULLY AND UNDERSTAND THAT THE AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS AS WELL AS ADDITIONAL OBLIGATIONS.

Date: 12/28/2015

CRISTINA VAN VOORN

CTR BUSINESS SOLUTIONS, LLC

Date: 12/29/15

By: _____

Its: PRESIDENT

Date: 12/29/15

ASHLEY BURLESON BUNDY

Date: 12/29/15

RICKY BUNDY

6387211.1                              5

EXHIBIT 2



JOHN B. AUSTIN
JOHN T. SPARKS

AUTHOR'S E-MAIL:
JSPARKS@AUSTINSPARKS.COM

WWW.AUSTINSPARKS.COM

July 31, 2015

## ENGAGEMENT AGREEMENT

Cristina Van Voorn, (the "Undersigned") has retained the law firm of Austin & Sparks, P.C. (hereinafter the "Firm") to represent them with respect to their claims arising under the Fair Labor Standards Act and state law, if any, against CTR Business Solutions, Inc.; Ashley Burleson Bundy; Rich Bundy and/or any other company, organization, or person (hereinafter collectively "Bundy") in any way related to the Undersigned's work as a nanny for Bundy.

The Attorneys usually bill lawyer's time for this type of case at $475.00 per hour and legal assistant's time at $150.00 per hour. However, the Undersigned retained the Firm on a forty percent (40%) contingency fee basis. That means that the fee in this matter will be 40% of the gross amount of any recovery through judgment, settlement, or otherwise from any person or entity. Should the Court award attorneys' fees then the fee shall be 40% of the gross amount recovered, including awarded fees, or the awarded fees, whichever is greater. This fee agreement does not include any appellate work, which would be the subject of another agreement.

In addition to the fee, the Undersigned will be responsible for the expenses incurred in the litigation. It is the Firm's policy that these out-of-pocket expenses will be collected at the end of the case. These expenses include, without limitation, court filing fees, long distance telephone calls, outside photocopy costs, in-house photocopy costs at $.25, court reporter costs, witness fees, mailing costs, travel expenses, and other things.

Although the Firm strongly believes in this case, additional facts may come to light during the Litigation that would require the Firm to not continue the matter. *See* Rule 11 of the Federal Rules of Civil Procedure, O.C.G.A. §9-15-14, O.C.G.A. §13-6-11, and O.C.G.A. §51-7-80. Therefore, if, at any time, the Firm concludes that the facts or law do not support the allegations or that proceeding will not be economically advantageous to the Firm, the Firm may withdraw from this representation with proper notice.

The Firm cannot estimate with any degree of accuracy the amount of out of pocket expenses you will incur. Likewise, the Firm cannot guarantee the amount, if any, of any recovery. In fact, a jury or the Court could find that the Undersigned is not entitled to recover.

July 31, 2015
Page 2

In the event that the Undersigned should discharge this Firm at any time after execution of this agreement, then our fee will be the hourly rate above described for the hours spent on your behalf by this Firm. In the event that you discharge this Firm in anticipation of a settlement of any claims the Undersigned may have against the above-listed individuals or entities, then this Firm's fee shall be the greater of 40% of any settlement obtained by whatever means or the hourly rate times the number of hours spent on your behalf by both this Firm whichever is greater, plus reimbursement of all out-of-pocket expenses.

The Undersigned agrees that the Firm will not offer any advice or counsel with respect to whether any award or recovery of any type is taxable or not taxable. Nevertheless, the Undersigned agrees that any award or recovery for unpaid wages will be subject to the then current withholding requirements of the then current State and Federal tax code. Moreover, any award or recovery of other damages, including without limitation "liquidated damages", may be subject to taxation as ordinary income. The Undersigned will seek professional tax advice to assist the Undersigned with respect to any tax issue arising or potentially arising from an award or recovery in this litigation.

As part of this representation, the Undersigned agrees to cooperate in the litigation by providing relevant documents and information as well as appearing in Court and at depositions, and otherwise. This cooperation is essential to this matter.

This $\underline{3/}$ day of July, 2015.

Cristina Van Voorn
SS#: 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
2965 Meadow Gate Way
Loganville, Georgia 30052
cris20056801@yahoo.com
404) 642 7474

Austin & Sparks, P.C.

By: _____
John T. Sparks, Sr., Esq.
2974 Lookout Place, N.E., Suite 200
Atlanta, Georgia 30305
404-869-0100 / 404-869-0200 (fax)
jsparks@austinsparks.com

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRISTINA VAN VOORN,<br><br>        Plaintiff,<br><br>v.<br><br>ASHLEY BURLESON BUNDY; RICKY<br>BUNDY; and CTR BUSINESS<br>SOLUTIONS, LLC;<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action File<br><br>    No. 1:15-cv-3228-WSD |

## [PROPOSED] ORDER GRANTING PARTIES' MOTION
## FOR APPROVAL OF SETTLEMENT

Having considered the supporting memorandum of law, declaration, and exhibits, and the agreement of the Parties, the Court hereby **GRANTS** the Parties' Joint Motion for Approval of Settlement under the terms set forth in the Settlement Agreement and Full and Final Release of Claims attached hereto as Exhibit A and incorporated by reference.

SO ORDERED, this _____ day of _____ 2015.

_____
HON. WILLIAM S. DUFFY, JR.
JUDGE, UNITED STATES DISTRICT
COURT